## Mary E. Erwin v. Hill, Strange & Co.
## Same v. Henry Stix et al.

1. Husband and wife—wife's separate estate.—Deed of wife and husband conveying part of her separate estate in satisfaction of his debt, set aside, on the ground that it is not, by the Mississippi statute, binding on the wife beyond the amount of its income.

Appeal from the chancery court of Tallahatchie county. Simmons, Chancellor.

*W. P. Harris, J. Z. George* and *W. S. Eskridge,* for appellant,

Insisted that the certificate of acknowledgment by the wife is insufficient; and for that.reason the deed is not binding on her, or the property sought to be conveyed. Warren v. Brown, 25 Miss. 66; Garrison v. Fisher, 26 ib. 352; Griffin v. Sheffield, 38 ib. 359, 361; Bond. Inst. 42, § 7. The conveyance being intended to incumber the *corpus* of the wife's estate for the payment of the husband's debts, is null and void; that no conveyance or incumbrance, to secure the separate debts of the husband, is binding on the wife beyond the amount of her income, citing Rev. Code of 1857, p. 336, art. 23; Story on Agency, § 166, *et seq.,* and cases cited.

*Fitzgerald & Hall,* for appellees,

Contended, that the certificate of acknowledgment 'of Mrs. Erwin to the conveyance is valid to all intents and purposes. Todd and Richardson are purchasers from Hill, Strange & Co., in good faith, and for a valuable consideration, and their rights as such are entitled to protection in a court of equity; that even if the wife had been compelled to sign the deed by the husband, and Todd and Richardson had no notice of that fact, they would be protected. Love v. Taylor et al. 26

Miss. 567; 2 Sug. Vend. (6th Am. ed.) 428, cases cited; 3 Washb. Real Estate, 470; 3 Sug. Vend. (6th Am. ed.) 448, cases cited; 1 Pet. C. C. 188; 6 Blackf. 477; 12 Ohio, 377; 2 Barb. Ch. 232; 20 ib. 371; 3 Ohio, 140.

If the conveyance had been made to secure the debts of the husband alone, it would not, perhaps, be binding on the *corpus* of the wife's estate; but being made to secure the debts of the firm of Erwin & Co., there was a good and valid consideration, sufficient to convey the whole of her property sought to be conveyed. Foxworth v. Magee, 44 Miss. 430. A husband and wife may, by their deed, convey the real estate of the wife. Rev. Code of 1857, p. 307, art. 4; Love v. Taylor, 26 Miss. 567; 5 Wall. 806, 807.

PEYTON, C. J.:

On the 1st day of March, A. D. 1867, Mary E. Erwin, in conjunction with her husband, James W. Erwin, made a conveyance, in fee simple, of lots numbered 4, 5, 6 and 7, in the town of Charleston, in the county of Tallahatchie, particularly described in the deed to W. K. Hill, Strange & Co., in payment of a debt of her said husband of four thousand dollars, due to said W. K. Hill, Strange & Co.

In 1869, Mary E. Erwin filed her bill in the chancery court of said county of Tallahatchie, to set aside and cancel said conveyance as a cloud upon her title to said real estate, alleging that said deed of conveyance was void for the want of capacity to make it, and also for the want of a sufficient certificate of acknowledgment.

We think the certificate of acknowledgment of the deed executed by Mary E. Erwin to W. K. Hill, Strange & Co. is a substantial compliance with the statute, which was intended to guard against the influence of the husband over the wife in the conveyance of her real estate. The certificate of the clerk of the probate court, who took the acknowledgment, states that Mrs.

Mary E. Erwin, on a private examination before him, separate and apart from her said husband, acknowledged that she signed, sealed and delivered the said deed, as her voluntary act and deed, on the day of the date thereof, and for the purpose of conveying the property therein mentioned.   We think this is sufficient.

The next question, which involves the consideration of the effect and operation of the deed of conveyance, in this case, is one of more difficult solution.   It is evident, from the pleadings, that the conveyance was made by the wife and husband in payment and satisfaction of her husband's debt.   Can such a deed operate as a conveyance of the *corpus* of her estate, under article 4 of the Code of 1857, page 307, which provides that a husband and wife may, by their deed, duly acknowledged, convey the real estate of the wife? or is it limited in its effect and operation to the income of the estate, under the proviso of the 23d article of the same code, page 336, which provides that "no conveyance or incumbrance, for the separate debts of the husband, shall be binding on the wife, beyond the amount of her income?"

This provision of the statute was evidently intended to protect the separate real estate of the wife against the payment of the debts of her husband; and, although she may be influenced by her husband to make a conveyance of her real estate in payment of her husband's debts, yet the statute says that no such conveyance shall be binding on the wife beyond the amount of her income. And this income can be realized only by placing the property in the hands of a receiver, to manage and rent it out, and apply the rents, profits and income to the payment of the debt, and to render an annual account to the court of the same.

If this be a correct interpretation of the statute, it follows that the decree of the court below must be reversed, and the cause remanded for further proceedings in accordance with this opinion.